IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| TERESA MICKELBORO, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | CAUSE NO.: 6:16-CV-00966-RWS-KNM |
| v. | § | |
| | § | |
| MEDTRONIC, INC., MEDTRONIC USA, INC., AMANDA MILES, and BRADLEY BOOKMAN, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The Report and Recommendation of the Magistrate Judge ("Report") (Docket No. 37), which contains her findings, conclusions and recommendations regarding Plaintiff's Motion to Remand (Docket No. 13), has been presented for consideration. The Report recommends that the Court grant Plaintiffs' Motion to Remand. Defendants Medtronic, Inc. and Medtronic USA, Inc. (collectively, Medtronic") filed objections to the Report (Docket No. 41). Plaintiff filed a response to Medtronic's objections. Docket No. 42. Having made a *de novo* review of the written objections filed by Medtronic, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit. For the reasons below, Medtronic's Objections are **OVERRULED** and the Motion to Remand is **GRANTED**.

Medtronic asserts three objections to the Report: (1) the Report improperly held Defendants to heightened pleading standard and burden of proof on fraudulent transfer; (2) the Report errs in its finding that there is a duty under Restatement (Second) of Torts Section 323; and

(3) the Report failed to address the remaining elements of negligence. The Court will address each argument in turn.

> I. **Medtronic's Objection that the Report held it to an Improper Pleading Standard and Burden of Proof on Fraudulent Transfer**

Medtronic first argues that the Report "erroneously holds Medtronic to a heightened burden of proof and fails to apply the heightened federal pleading standard in evaluating the sufficiency of Plaintiffs' claims against Miles and Bookman." Docket No. 41 at 2.

"The party seeking removal bears a heavy burden of proving that the joinder of the [non-diverse] party was improper." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). The party seeking removal must establish that "there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

In determining whether a plaintiff has a reasonable basis of recovery under state law, "a court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.* In cases where "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder, . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* In conducting this inquiry, "a court must 'resolve any contested issues of material fact, and any ambiguity or uncertainty in the controlling state law in Plaintiff's favor.'" *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999) *abrogated in part on other grounds by Smallwood*,

385 F.3d at 573. "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gash v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007)).

Medtronic argues that, while the Report cites the applicable precedent, it "goes far astray in applying those standards to this case." Docket No. 41 at 3. According to Medtronic, the Magistrate Judge relied "solely on Medtronic's failure to cite case law to support its argument that the sales representatives, unlike doctors, did not receive payment from Plaintiff constituting consideration." *Id.* Additionally, Medtronic argues that the Report improperly rejected "numerous cases involving fraudulent joinder of sales representatives," and, in so doing, the Magistrate Judge "effectively impos[ed] . . . a burden to put forth affirmative evidence to negate the existence of a negligence claim—a requirement not present at this stage, where the outcome rests of Medtronic's ability to point to fatal deficiencies in Plaintiff's pleading, not its ability to disprove the merits of her claim against the individual Defendants." *Id.*

The Court finds that the Magistrate Judge followed applicable precedent and imposed the correct burden on Medtronic. The Magistrate Judge had determined that Plaintiff met the federal pleading standard under Rule 12(b)(6). As the Fifth Circuit explained in *Smallwood*, ordinarily if a plaintiff has stated a claim under Rule 12(b)(6), there is no improper joinder. *Smallwood*, 385 at 573. In some cases, however, where plaintiffs have stated a claim but misstated or omitted discrete facts, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Id.*

Medtronic has not provided evidence of misstated or omitted discrete facts that suggest that the Court should pierce the pleadings to conduct a summary inquiry. Moreover, the Magistrate Judge considered the case law Medtronic cites relating to sales representatives. The defendants in those cases met the heavy of burden of proving improper joinder with proof to support their

allegations. Here, Medtronic did not offer proof of its allegations. Accordingly, when viewing the facts in the Plaintiffs' Original Petition in the light most favorable to the Plaintiff, the Court agrees with the Magistrate Judge that Plaintiff has a reasonable basis for recovery in state court.

## II. Medtronic's Objection that the Report Erred in Finding a Duty Under § 323

Medtronic also objects that the Report "improperly applie[d] Section 323 to this case to find that Miles and Bookman owed a duty to the Plaintiff," specifically arguing that they did not provide a service and did not increase the risk of harm to Plaintiff. Docket No. 41 at 4–5. Defendants further object to the Report for requiring the Defendants to produce affirmative proof that the Individual Defendants acted within the confines of the physician's orders and FDA-approved labeling. *Id.* at 4.

The Court agrees with the Magistrate Judge that the Plaintiff's Original Petition pleads allegations sufficient for a finding that Miles and Bookman provided a service for which there was consideration or undertook a gratuitous action,[1] meeting the requirements of § 323. Plaintiff's Original Petition suggested that the Original Defendants either acted for consideration or acted gratuitously. As stated in the Report, Medtronic presented no case law suggesting there was no possibility of finding consideration in this case.

The Magistrate Judge was also correct in finding that it is plausible that the Individual Defendants provided a service and increased the risk of harm to Plaintiff, when viewing the facts in Plaintiff's Original Petition most favorably to the Plaintiff. Plaintiff alleges in her Petition that Miles and Bookman adjusted Plaintiff's back stimulator and "increased the stimulation level on the device to dangerously high levels and painfully shocked [Plaintiff]." Docket No. 1 Ex. 3 at 7.

---

[1] The Court notes that in Plaintiff's Motion to Remand, Plaintiff states that the Individual Defendants rendered services for consideration. However, the Court's duty is to determine whether there is a reasonable basis of recovery in state court. The Court notes that, in Texas, a person can render services for consideration or do so gratuitously for Plaintiff to recover under Section 323.

Viewing the facts in the light most favorable to Plaintiff, the Court finds that Plaintiff has stated a plausible claim that the actions of the Individual Defendants increased the risk of harm.

### III. Medtronic's Objection that the Report Fails to Address the Remaining Elements of Negligence

Finally, Medtronic contends that the Magistrate Judge "treat[ed] the duty inquiry as determinative … and stop[ped] short in its analysis of Plaintiff's negligence claim. Docket No. 41 at 5. According to Medtronic, in its Notice of removal, it "set forth … [that] Plaintiff's Complaint fails to offer factual support for the remaining breach, causation, and damages elements of her negligence claim." *Id.*

In Medtronic's Notice of Removal, it lists the elements of negligence and proceeds to challenge the duty element. The Notice does not advance arguments relating to breach, causation, and damages. Because these issues were not before the Magistrate Judge, this Court will not consider Medtronic's argument. *Hull v. Ocwen Loan Servicing, LLC*, 2013 WL 3089050, at *1 (N.D. Tex. June 19, 2013) (citing *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994); *Paterson-Leitch Co., Inc v. Mass. Mun. Wholesale Elec., Inc.*, 840 F.2d 985, 990–91 (1st Cir. 1988)).

*\*\*\**

The Court reviewed the objected-to portions of the Magistrate Judge's Report *de novo*. After reviewing the Report and objections, the Court concludes that the findings of fact and conclusions of law in the Report are correct. Accordingly, Defendants' objections are **OVERRULED**, and Plaintiff's Motion to Remand, Docket No. 19, is **GRANTED**.

**SIGNED this 30th day of March, 2017.**

*[signature]*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE